[Civ. No. 3000. Fourth Dist. Feb. 19, 1943.]

MAVRO HUMMINGBIRD, Respondent, v. EMIL J. ULL-MAN, Appellant.

Martin C. Casey for Appellant.

Harry H. Parsons for Respondent.

MARKS, J.—This is an appeal from a judgment dissolving a mining partnership and awarding plaintiff $2,150 for breach of contract.

The complaint in this action is primarily one for declaratory relief. There are allegations which might support an accounting between the parties.

Besides admitting the due execution of contracts, out of which the mining partnership arose, the answer denied the material allegations of the complaint. Defendant also filed a cross-complaint which contained allegations evidently intend-

ed to support an action for damages because of fraud, the recovery of $350 loaned by defendant to plaintiff, and the recovery of the value of a jack hammer alleged to have been loaned to plaintiff and not returned.

Both the pleadings and the evidence in this case leave much to be desired. Counsel for plaintiff, with much justification, thus describes them in his brief:

"A 'blunder-buss' is a shotgun having a barrel which flares or 'opens out' at the muzzle like a trombone or a French horn. You load it; then you go to the edge of a field or the timber, point it in the desired direction, shut your eyes, pull the trigger, and then go around the neighborhood and 'see' whether you have killed or hit any game. The pleadings and the evidence in this case are of that kind,—difficult to tell *what* was aimed at, and *what*, if anything, was hit."

The present counsel for defendant did not represent him at the trial.

Under date of February 1, 1941, L. P. Scaroni, as lessor, and Mavro Hummingbird, as lessee, entered into a contract whereby the lessor leased to the lessee for the term of five years certain copper mining claims in San Bernardino County upon a royalty basis. The lease provided for continuous mining operations and prohibited the lessee from assigning the lease in whole or in part, and from subleasing the property without the written consent of the lessor. It also contained forfeiture clauses. The mining claims contained a lode and also a liquid carrying copper in solution.

Under date of February 1, 1941, but executed several days thereafter, Mavro Hummingbird assigned to defendant a forty-nine per cent interest in the lease in consideration of $1,000 which was paid him.

Defendant agreed to furnish and install the necessary equipment for extracting copper from the solution, not to exceed a cost of $9,000. Profits and losses were to be shared by the parties in proportion to their interests in the mine.

Scaroni consented in writing to the assignment of the forty-nine per cent interest in mining the solution but not in the copper lode. It seems to be agreed that there was no intention of conveying to defendant any interest in the lode.

According to his testimony, defendant installed equipment and machinery of the value of $6,500, but, as found by the trial court, its value was $5,000. He operated the extraction

process for about six and one-half months and recovered about five tons of copper which he testified had a market value of three cents a pound. He sold no part of it. He testified that "it disappeared."

He also testified that the solution was exhausted by September 10, 1941, and that he conveyed his interest to a Mr. Goodwin whom he claimed owned the mining claims instead of Scaroni.

Defendant admitted removing some of the equipment he had purchased and placed on the claims. Plaintiff admitted that some of this machinery and equipment remained there in his possession, including a dump truck which had cost defendant about $350. There is no evidence showing the value of the property taken by defendant or of that remaining in the possession of plaintiff.

In speaking of mining partnerships in 17 Cal.Jur., p. 442, it is said:

"All property, whether real or personal, which is contributed to the company stock at the formation of the partnership, and all that is subsequently acquired thereby is partnership property, in which the partners have undivided interests, and which is subject to sale and accounts between the partners and to payment of the partnership debts."

The trial court found that the mining partnership between the parties had been dissolved by the conduct of defendant. And further:

"The Court finds from an accounting and the premises that the plaintiff, Mavro Humming Bird has been and is injured and damaged, and has due, owing and unpaid to him from the defendant Ullman, the sum of twenty-five hundred ($2,500.00) Dollars, minus the sum of three hundred and fifty ($350.00) which the said Humming Bird borrowed from said Ullman, making a balance as compensation and damages due plaintiff Humming Bird of twenty-one hundred and fifty ($2,150.00) dollars, for and in whuch said sum he is entitled to decree and judgment."

We have searched the record in vain for any evidence of an accounting having been had. There is defendant's evidence that five tons of copper was produced having a value of three cents a pound. There is his undisputed evidence that this copper was not sold but just disappeared. There is nothing to indicate that this disappearance was due to any

wrongful act or neglect on the part of defendant. There is nothing to indicate the cost of recovering this copper except the testimony of defendant that the mine was operated for six and one-half months with from two to five men employed. The contract provided that some of them would receive seven dollars a day so the only indication in the record is that the mining operations were conducted at a loss. There is no evidence to the contrary and nothing in the record to support the challenged finding except the portion of it relating to the $350 which plaintiff admitted owing defendant. Further, we find no evidence furnishing a measure of damages nor the amount of any damages suffered by plaintiff.

The contract provided that Mrs. Effie Ullman would act as bookkeeper for the business at a salary of $125 per month. Defendant called her as his witness but her evidence was excluded on objection of counsel for plaintiff. Defendant made no proffer of what he expected to prove by this witness so we are left entirely in the dark on that subject. She had her books of account with her but we can only assume that she might have given testimony as to the cost of the mining operations.

There being no evidence of an accounting having been had and no evidence supporting the money judgment against defendant, it cannot be supported here.

The judgment is reversed.

Barnard, P. J., and Griffin, J., concurred.